# Exhibit D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CIV-81205-RAR

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a PAR FUNDING**, *et al.,*

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S URGENT MOTION TO AMEND ORDER APPOINTING RECEIVER TO INCLUDE LITIGATION INJUNCTION

**THIS CAUSE** comes before the Court upon Plaintiff Securities and Exchange Commission's ("Commission") Urgent Motion to Amend Order Appointing Receiver to Include Litigation Injunction [ECF No. 48] ("Motion"), filed on July 31, 2020. In the Motion, Plaintiff seeks to amend the Court's Order Granting Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver [ECF No. 36] ("Order Appointing Receiver"), entered on July 27, 2020.

Specifically, Plaintiff seeks to amend the Order Appointing Receiver to include a litigation injunction in all cases and proceedings to which the following entities are a party: Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"), Full Spectrum Processing, Inc., ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan ("ABFP"), ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC ("ABFP Management"), ABFP Income Fund, LLC, ABFP Income Fund 2, L.P., United Fidelis Group Corp., Fidelis Financial Planning LLC, Retirement Evolution Group, LLC, RE Income Fund LLC, and RE

Income Fund 2 LLC (collectively, the "Receivership Entities"). The Receiver agrees with and joins in the request for this relief. For the reasons set forth in the Motion, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Securities and Exchange Commission's Motion to Amend Order Appointing Receiver to Include Litigation Injunction [ECF No. 48] is **GRANTED**.

The Receiver, Ryan Stumphauzer, is authorized, empowered, and directed as follows until further Order of the Court:

1. To take custody, control, and possession of all Receivership Entity records, documents, and materials, and to safeguard these items until further Order of the Court;

2. To secure and safeguard the Receivership Entities' information technology, data, documents, storage systems, and documents, including by making contact with any third-party vendors, such as movers and information technology personnel, to assist in this process;

3. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, lawyers, and paralegals ("Retained Personnel");

4. To take any other action as necessary and appropriate for the preservation of the Receivership Entities' property interests or to prevent the dissipation or concealment of such property interests; and

5. To take such other action as may be approved by this Court.

6. Additionally, the Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of each Receivership Entity, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

7. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and the Receiver's appointment.

8. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Entities' estates. The Receiver shall seek the Court's approval by filing a Motion for the reimbursement of expenses and compensation for time spent on the matters set forth herein.

9. The Receivership Entities and all persons receiving notice of this Order shall not hinder or interfere with the Receiver's efforts to take control or possession of the Receivership Entities' property interests identified above or hinder his efforts to preserve them.

## **STAY OF LITIGATION**

"[W]hile it should be sparsely exercised, district courts possess the authority and discretion to enter anti-litigation orders" in the context of a Securities and Exchange Commission receivership. *Sec. & Exch. Comm'n v. Byers*, 609 F.3d 87, 89 (2d Cir. 2010); *see also Sec. & Exch. Comm'n v. Onix Capital, LLC*, No. 16-24678-CIV, 2017 WL 6728814, at *4 (S.D. Fla. Jul. 24, 2017) ("That the receivership is not 'substantially underway' is not a compelling factor to lift a stay against litigation when balanced against the Receiver's interest in preventing ancillary litigation during the early stages of the receivership."); *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) ("[T]he receivership court may issue a blanket injunction, staying litigation against the named receiver and the entities under his control unless leave of that court is first obtained.").

As set forth below, the following proceedings—excluding the instant proceeding—and all law enforcement, police, or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are hereby stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or any other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any of the Receivership Entities' property interests, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of a Receivership Entity's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of July, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record